UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GINA NUCATOLA,

                              Plaintiff,                    **REPORT AND**
                                                                       **RECOMMENDATION**
          -against-                                 CV 18-5230 (JMA) (ARL)

SURGE REHABILITATION AND NURSING
LLC., et al.,

                              Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge**

    Before the Court, on automatic referral from District Judge Azrack, is the plaintiff's motion pursuant to Federal Rules of Civil Procedure 15(a), seeking to amend the complaint to add two causes of action for retaliation under the New York State Human Rights Law. The defendants, Surge Rehabilitation and Nursing LLC ("Surge") and Igor Gutnik, M.D., oppose the motion on the ground that the amendments would be futile. For the reasons set forth below, the undersigned recommends that the plaintiff's motion be denied.

    As a threshold matter, the plaintiff's analysis of the application under Rule 15(a)'s liberal standard is flawed. On December 17, 2018, the Court entered a scheduling order that set February 28, 2019, as the deadline for the submission of motions for the amendment of pleadings or joinder of parties. Without any explanation, the plaintiff submitted the instant motion almost five months after the deadline. As such, the Court must first determine whether Rule 16(b)'s good cause standard governing delay has been met. *See Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). Rule 16(b) requires that deadlines be set for proceedings such as amendment of pleadings. By limiting the time for amendments, "the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the

pleadings will be fixed.'" *Parker,* 204 F.3d at 339.   In some cases, the Court may determine that the deadline cannot be met despite the parties' diligence, and grant leave to extend the deadline.  However, the rule plainly states that a scheduling order "shall not be modified except upon a showing of good cause."   In this case, the plaintiff has not even attempted to address Rule 16's good cause standard.

Moreover, even if the undersigned were to apply Rule 15(a)'s standard of lenient amendment, the defendants contend that the proposed amendments would be futile as a matter of law.   Specifically, the defendants argue that their acceptance of the plaintiff's resignation two weeks before her chosen last day of work does not abrogate the plaintiff's willing departure.   *See Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 311 (S.D.N.Y. 1998).   While the plaintiff may have been able to counter this argument given that the facts in the complaint indicate that the plaintiff had submitted a separate written complaint of alleged sexual harassment by the time the defendants accepted her resignation, counsel for the plaintiff did not attempt to reply to the futility argument.[1]  For these reasons, the undersigned recommends that the plaintiff's motion to amend the complaint be denied.

The parties are reminded that pursuant to the Court's order dated September 30, 2019, all discovery, inclusive of expert discovery, is to be concluded by December 2, 2019.   Any party planning on making a dispositive motion must take the first step in the motion process by December 18, 2019.   The parties are also directed to electronically file a joint proposed pretrial order in compliance with District Judge Azrack's individual rules on or before January 6, 2020.  The undersigned will hold a final settlement conference on January 7, 2020 at 2:00 p.m.

---

[1] The plaintiff moved by letter application in lieu of a formal motion to amend.   Although Local Rule 37.3 does not provide for replies as of right, given the substantive argument propounded by the defendants, the plaintiff certainly could have requested leave to reply in order to address the futility argument.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 7, 2019

_____/s/_____
Arlene R. Lindsay
United States Magistrate Judge